## LOVEJOY V. CAMPBELL *et al.*

1. Where a motion to dismiss was made at the close of plaintiff's case and denied, and the court of its own motion submitted a special question to the jury, and thereafter rendered judgment for the defendant, in the absence of objection to the manner in which the motion was disposed of the case on appeal will be regarded as if the motion to direct had been sustained, and the ruling reviewed without the necessity of a motion for a new trial.

2. Where master and servant were sued jointly for a tort of a servant, and evidence admissible against the servant was objected to by the master, but admitted, the error, if any, will not be reviewed on appeal, where the record failed to show the grounds of the objections.

3. Where a servant, employed to drive a water tank for a threshing ma-

chine, at the request of a fellow servant went out of his usual course to obtain oil to be used on the threshing machine, and while so doing his team caused damage, for which suit was brought, the deviation was not such as would authorize the court to determine, as a matter of law, that the servant was not engaged in the master's business at the time, relieving the master from liability.

4. Though under Laws 1890, c. 37, art. 5, § 8, providing that the execution of a plat of a town vests the fee of dedicated property in the town, a laid-out town acquired the fee in its streets, an abutting owner who had planted and cared for trees standing in the highway in front of his lot was entitled to recover for injuries done thereto by persons using the highway.

(Opinion filed Oct. 7, 1902.)

Appeal from circuit court, Spink county. Hon. A. W. CAMPBELL, Judge.

Action by B. E. Lovejoy against B. E. Campbell and another. Judgment for defendant Campbell, and plaintiff appeals. Reversed.

The facts are stated in the opinion.

*N. P. Bromley,* for appellant.

The owner's right is absolute to maintain ejectment or trespass, to use and enjoy the soil, reap any profits arising therefrom, and to use the highway for his individual purposes in any way consistent with the easement or servitude which its appropriation for a road warrants. 3 Kent Com., 432, 433; Cortelyou v. VanBrund, 2 J. R., 357, 363; Jackson v. Hathaway, 15 Id., 447, 452, 453; Gidney v. Earl, 12 Wend., 98; Peareall v. Post, 20, Id., 111, 131. Such a trust estate and easement as was created by the dedication set forth is appurtenant to the ownership of the lands abutting upon the street, and passes to all purchasers of them without any expressed words conveying it. Haynes v. Thompson, 7 Ind. 38; Protzmau v. In-

dianapolis & Cincinnati R. R. Co., 9 Id., 469; Cooley's Const. Lim., 679; In trustees of Columbia College v. Thatcher, N. Y. App., January 17, 1882; 13 Reporter, 248; People v. Kerr, 27 N. Y., 188, 204, 205; People v. Kerr, 37 Barb., 357, 401; Kellinger v. Forty-second Street R. R. Co., 50 N. Y., 206, 212. Hinchman v. Patterson Horse R. R. Co., C. E. Green, N. J., 76.

*W. F. Bruell,* for respondent.

The title of any street of any town or city in this state where the same has been duly and regularly platted and the same dedicated and acknowledged according to statute in such cases made and provided, the same shall be vested in the public or corporation in fee simple, and shall be for all purposes considered a general warranty. Art. III, Chapter II, Political Code, Section 1099, Compiled Laws of 1887, S. D. The Illinois statutes are identical to ours, and the same have been construed and passed upon many times by the Illinois Supreme Court. Ill. Revised Statutes, 1891, page 1039, Section 3; Mattheisen and Hegeler Zinc Co. v. City of LaSalle 2 N. E. R., page 406; Ld., rehearing denied, 8 N. E. R., page 81; Village of Brooklyn v. Smith, 104, Ill., page 409; Canal Trustees v. Haven, Ill., page 554; Ehmen v. Village of Gothenberg, 70 N. W. R., page 237. Where dedication is made by statute and the plats acknowledged and recorded "it shall be deemed a sufficient conveyance to vest the fee in the county or other corporation." Dillon Municipal Corporation, Volume II., pages 625 and 626.

HANEY, P. J. It appears from the abstract that this action was commenced in justice's court, where the plaintiff re-

covered judgment; that defendants appealed to the circuit court, where a trial de novo was had; that, at the conclusion of all the testimony in the circuit court, "defendant Campbell moved the court to direct the verdict of the jury for the defendant, for the dismissal of said action against him, with costs, on the grounds that there was no evidence offered to prove that the defendant Campbell was liable for damage caused plaintiff by the alleged negligence of the defendant Suhling while said Suhling was in Redfield contrary to Campbell's orders and without his knowledge, and upon the further grounds that the plaintiff has no cause of action against this defendant, for the reason that the tree in question was growing on the street, and was a part of the street regularly dedicated to the public, according to the statutes and laws of the state of South Dakota, and that the plaintiff was not the owner of said tree;" that thereupon the court, of its own motion, submitted to the jury only one question, namely, the amount of damages, if any, the plaintiff sustained by reason of such tree having been gnawed; that the jury found the damages to be $7.50; and that, the propositions of law involved having been argued, the court rendered a judgment wherein it was considered and adjudged that defendant Campbell recover of the plaintiff the dismissal of the action, together with costs and disbursements, including the costs taxed in the justice's court. As no objection was made to the manner in which defendant Campbell's motion to dismiss was treated, we think the case should be regarded as if a motion to direct a verdict had been sustained; the ruling of such motion being reviewable without any motion for a new trial. What became of the action as to defendant Suhling does not appear.

Much improper evidence as against the defendant Campbell was received, but as it was admissible as against the other defendant, and as the record fails to specify the grounds, if any, of the objections made to its introduction, error cannot be predicated upon any ruling relating thereto. Plaintiff alleged in his complaint that he "was during the months of September and October, 1899, in possession and the owner in fee simple of lot 1 in block 11 in the city of Redfield, South Dakota;" "that the defendant William Suhling, who was then and there in the employment of the defendant B. E. Campbell, and while in the scope of his employment, negligently destroyed one ornamental shade tree, the property of plaintiff, standing in front of said lot. Said tree was of value of $25. Said tree was destroyed by said Suhling hitching said Campbell's team to it." All the allegations of the complaint were denied. We think the evidence discloses that plaintiff was the owner and resided on lot 1, block 11, in the city of Redfield; that a cottonwood tree was standing in the street in front of his lot; that defendant Suhling was employed by defendant Campbell to haul water with a team and tank belonging to the latter, for the use of the latter's threshing machine being operated on a farm about three miles from Redfield; that it was not necessary for Suhling to pass through Redfield in hauling water; that he was never sent by Campbell on any business that required him to leave or hitch his team; that he was simply required to go to the creek, fill his tank with water, and return with it to the engine where the threshing was being done; that Campbell was not at the machine, and did not know that he was going to Redfield, did not direct him to go there, and knew nothing of his having been there until some time after the injury was done; that, on

one of his trips for water, Suhling, on the request of the engineer who was operating Campbell's engine, went to Redfield to get some oil; that Suhling tied one of the horses he was driving to a telegraph pole in front of plaintiff's residence; and that while he was in a store getting oil the other horse injured the tree heretofore mentioned, by gnawing its bark.

If either ground of defendant Campbell's motion to dismiss or direct a verdict was well taken, the judgment should be sustained, notwithstanding the lower court may have assigned a different reason for its ruling. In a case strikingly analogous to the one at bar the subject of master's responsibility for the negligence of his servant is exhaustively discussed by the supreme court of Connecticut, and the general rule applicable to this class of cases is thus accurately and comprehensively stated: "For all acts done by a servant in obedience to the express orders or directions of the master, or in the execution of the master's business, within the scope of his employment, and for acts in any sense warranted by the express or implied authority conferred upon him, considering the nature of the services required, the instructions given, and the circumstances under which the act is done, the master is responsible. For acts which are not within these conditions the servant alone is responsible." Applying the rule to a case where a servant engaged in hauling manure from a brewery in Bridgeport to his employer's farm, who, going out of his usual course, without his employer's direction or knowledge, left the latter's team standing in the street while he entered a shoemaker's shop to inquire about having his own shoes repaired, and the team started at a slow gait up the street, when the wheels of the wagon to which they were attached collided with the plain-

tiff's wagon, upsetting same and causing injury to the plaintiff, the court held the master responsible. Ritchie v. Waller, 63 Conn. 155, 28 Atl. 29, 27 L. R. A. 161, 38 Am. St. Rep. 361. Evidently Suhling was not acting in obedience to the express orders and directions of his employer when he left the latter's team standing in front of the plaintiff's residence to get oil sent for by a person who is not shown to have been authorized by Campbell to send for it on his behalf. But was he not then in the execution of his master's business, within the scope of his employment? Whether the act of a servant, for which it is sought in a particular case to hold the master responsible, was done in the execution of the master's business, within the scope of the employment, or not, must, from the nature of things, in most cases, be a question of fact for the jury. Where, as in the present case, the question of the master's responsibility turns principally upon the extent of the servant's deviation from the strict course of his employment or duty, it has generally been held to be one of fact, and not of law. Where the deviation is slight and not unusual, the court may, as matter of law, determine that the servant was still executing his master's business. So, too, where the deviation is very marked and unusual, the court in like manner may determine that the servant was not on the master's business at all, but on his own. Cases falling between these extremes will be regarded as involving a question of fact, to be submitted to the jury under proper instructions. Ritchie v. Waller, supra. The location of the creek with reference to the city of Redfield is not shown, nor is it disclosed whether the injury was done while Suhling was going to or returning from the creek. As preserved in the record, the evidence is indefinite and uncertain as to the ex-

tent of the servant's deviation and the attending circumstances. Enough facts, however, are shown to convince us that the deviation was not so marked and unusual as to justify the lower court in deciding, as matter of law, that the servant was not on his master's business at all when the injury was done. Quinn v. Power, 87 N. Y. 535, 41 Am. Rep. 392. The dismissal of the action was not warranted on the ground that defendant Campbell was not responsible for his servant's negligence.

The next inquiry is whether the plaintiff is shown to have had such an interest in the tree as entitles him to damages for its injury. It was admitted on the trial that the street upon which it was growing and upon which the plaintiff's land abutted was duly and regularly platted and dedicated to the public, and that the certificate of dedication was duly and regularly acknowledged and recorded prior to the commencement of this action. The owner of land in fee has the right to the surface, and to everything permanently situated beneath or above it. Comp. Laws, § 2781. "The owner of a lot abutting upon a street in a city is presumed to be the owner of the soil and freehold of the street in front of such lot to the center thereof, incumbered only by the easement in the public for passing and repassing over the same, and the rights of the municipality to use the same, or permit its use, for municipal purposes, as authorized by law." Edmison v. Lowry, 3 S. D. 77, 52 N. W. 583, 17 L. R. A. 275, 44 Am. St. Rep. 774; Comp. Laws, § 2783. In this state, cities have power to plant trees on the streets. Laws 1890, c. 37, art. 5, § 8. We have a statute relating to the laying out of towns, or an addition, or subdivision of outlots, which contains the following provisions: "When the plat or map shall have been made out and certified, acknowledged and

recorded as required by this chapter, every donation or grant to the public, or any individual or individuals, religious society or societies, or to any corporation or body politic, marked or noted as such on said plat or map, shall be deemed in law and equity a sufficient conveyance to vest the fee-simple of all such parcel or parcels of land as are therein expressed, and shall be considered to all intents and purposes a general warranty against such donor or donors, their heirs or representatives, to said donee or donees, grantee or grantees, for his, her or their use for the uses and purposes therein named, expressed and intended, and no other use and purpose whatever; and the land intended to be used for the streets, alleys, ways, commons or other public uses in any town or city or addition thereto shall be held in the corporate name thereof in trust to and for the use and purposes set forth and expressed or intended." Comp. Laws, § 1099. It will be assumed that the last preceding statutory provisions are applicable to this case, and that thereunder the admitted dedication vested the fee to the street in the city. The rule generally adopted in other states is that, where the fee to the highway is in the abutting owner, trees growing thereon belong to such owner, except as they may be needed for the purpose of making the way or repairing it, and, if such trees are cut or injured otherwise than is necessary for making or repairing the highway, the owner is entitled to damages. Cooley, Torts, 318. We see no reason why substantially the same rule should not prevail even when the fee is in the city or town, where the abutting owner, at his own expense, and with the express or implied consent of the municipal authorities, plants and cares for shade trees along the streets adjoining his property. No one

will contend that trees so planted and cared for are unlawfully in the street. Why should not the property owner, under such circumstances, be entitled to damages to the same extent he would be if some person negligently injured his carriage while lawfully standing on the street in front of his premises? In this state, where the planting of trees should be encouraged, and has been by numerous legislative and executive acts, we think the rule regarding trees growing in the streets of cities and towns should be that where they were planted and are cared for by the abutting owner, whether the fee to the street be in him or in the municipality, he should be entitled to recover damages for injuries thereto, otherwise actionable, not resulting from a reasonable exercise of the municipal power to repair or improve the street, and that where they were planted and are cared for by the municipal authorities the abutting owner should not be entitled to recover for injuries to them under any circumstances. It is stated in the abstract, and seems to be conceded by counsel, that the injured tree in this case "was in the street in front of plaintiff's lot, and set out and grown" by him, though the evidence, as printed in the record, fails to show by whom or when the tree was planted. In the absence of an additional abstract, we are controlled by the foregoing statement. It thus appearing that the tree was planted and being cared for by the plaintiff, and no question having been raised as to the fact of Suhling's negligence, the judgment of the circuit court should be reversed, and a new trial ordered.