VILAND et al., Appellants, v. BOARD OF EDUCATION OF
INDEPENDENT SCHOOL DISTRICT OF
VEBLEN et al., Respondents.

(161 N. W. 810.)

(File No. 3967.   Opinion filed March 22, 1917.)

1.  Statutes—Curative Laws—Power of Legislature to Pass, Lim-
    itation of Power—Constitution.

    The power of the Legislature to pass curative statutes is
    without limitations or restrictions except such as are imposed
    by the Constitution.   Former views adhered to.

2.  Schools—School Districts, Organization—Independent District—
    Territory Partly Outside of City—Statute—Conflicting Pro-
    visions, Rule of Construction.

    Under Laws 1907, Chap. 135, Art. 11, Sec. 174, as amended
    by Laws 1909, Chap. 214, providing that any city, town, or
    unincorporated town or village having a population of one
    hundred inhabitants or over within a radius of one mile from
    the center, may adopt its provisions, in which case upon peti-
    tion of a majority of the legal voters, "within the proposed
    district," the county superintendent shall call an election there-
    for by posting notices "in the district or districts in which said
    city or town is situated," said notices to contain a full descrip-
    tion of the boundaries of the proposed district, and that if a
    majority of the voters "of the district or districts in which the
    said city or town is situated" shall vote for incorporation of
    said city or town as a corporation for school purposes, it shall
    be considered as authorized, etc., held, that the section in sub-
    stance provides that any such city, town, etc., may become in-
    corporated as an independent school district, upon petition of a
    majority of the legal voters residing in the district proposed to
    be incorporated, and that if a majority of the voters (of the
    district or districts within which such city, etc., is situated)
    residing within the limits of the new district thus proposed
    shall vote for such incorporation, such territory becomes duly
    incorporated as a new independent school district; that while
    this statute contains clauses which are apparently conflicting,
    it must be interpreted to give effect, so far as possible, to the
    legislative intent, if ascertainable; that there is no limitation
    therein upon the size of the proposed district; that the petition
    for such organization must indicate boundaries of the proposed
    district, otherwise it could not be determined whether the peti-
    tion was signed by required majority of voters, nor could a
    "full description of the boundaries of the proposed district" be
    given in election notices therein required; that notices must be
    published in, and the election determined by a majority of
    votes of the district or districts in which the city or town is

located; and if the proposed district is to be carved out of an existing district in which the city or town is situated, larger in area than the city or town, a majority of voters in the entire school district is required; while if the new district is to be carved out of territory already embraced in two or more school districts, in one of which the city or town is situated, a majority of the voters in such districts is required; but, to make these requirements effectual, the boundaries of the "city, town, unincorporated town or village," must be ignored, as the section deals with territory already within existing school districts; that the requirement concerning boundaries plainly implies that the boundaries of the new district do not necessarily coincide with the boundaries of the city or town.   Therefore, **held,** that the statute contemplates inclusion within a newly formed independent district of territory outside of the city, town, etc.; and the words "shall vote for the incorporation of the said city or town as a corporation for school purposes" mean the city or town when that embraces only the area of the proposed district and also the city or town plus the adjacent area when such city or town and area are attempted to be organized as a district; that it contemplates formation of new independent districts out of territory comprised within one or more pre-existing school districts, whether within or without the boundaries of city, town or village; which conclusion is made entirely clear by Sec. 175, creating a committee of arbitration for adjustment of property interests "between the new corporation and the district or districts affected by its formation."   But when an existing independent school district seeks to take in adjacent territory, the conditions prescribed by Sec. 176, providing that territory outside the limits of any organized independent school district but adjacent thereto, and territory within the limits of any independent school district organized for school purposes and adjacent to any school district may be attached thereto, whether said independent district has been organized by special act or otherwise, under certain specified conditions laid down in said section.   **Held,** further, that the proceedings for formation of the Veblen Independent School District were had under the provisions of Sec. 174.

Appeal from Circuit Court, Marshall County.   Hon. THOMAS L. BOUCK, Judge.

On rehearing.   Affirmed.

See, for original decision in this case 37 S. D. 412, 158 N. W. 906.

*Sherin & Sherin,* for Appellants.

*Batterton & Bunde,* for Respondents

(1.) To point one of the opinion, Appellants cited: People v. Pacific Grove District, 11 Cal. App. Repts., 212.

Respondents cited: State v. Squires, 26 Iowa, 340, and cases cited; Independent District of Union, Linn County, (Iowa,) 17 N. W. 895, and cases cited; Chicago, R. I. & P. Ry. Co. v. Independent Dist. of Avoca, (Ia.) 68 N. W. 881.

SMITH, J. This case is before us on rehearing. The original decision will be found reported in 158 N. W. 906. The only question to be considered at this time is the constitutionality of the curative act. We held in the former opinion that the power of the Legislature to pass curative statutes is without limitations or restrictions except such as are imposed by the Constitution. We adhere to that view. A somewhat more extended statement of the proceedings had in the organization of the independent school district of Veblen is perhaps necessary to a final and proper solution of the questions involved.

Appellants' assignments of error are based upon the refusal of the trial court to adopt certain findings of fact which are contained in the record. For the purpose of this appeal, we may assume the facts to be as stated in such proposed findings. So far as material here, they are as follows:

"(2) That the town of Veblen is an incorporated city, * * * and is situated on * * * (certain described lands) * * * within the boundaries of the alleged Veblen school district.

"(3) That in the month of April, 1914, a petition was presented to the county superintendent of schools of Marshall county to incorporate an independent school district consisting of the following territory * * * (describing the territory now comprised within Veblen independent school district). * * *

"(4) That acting upon said petition, the county superintendent of schools in and for Marshall county, S. D., issued a call for a school election to be held on the 11th day of May, 1914, for the purpose of incorporation of the territory mentioned in the third finding into the independent school district of Veblen, that on the 11th day of May, 1914, an election was held to vote on the incorporation of said territory into an independent school district, and that the people living within the incorporated town of Veblen voted at said election, and that the returns of said

election showed that there were ninety votes cast for consolidation and three votes cast against consolidation.

"(5) That thereafter and on the 13th day of May, 1914, Elise Vanderhorck, the then county superintendent of schools of said county, issued a notice for a special election in the city of Veblen on the 29th day of May, 1914, for the purpose of electing school officers. That at the school election so held on the 29th of May, 1914, the persons named as defendants herein were elected members of the board of education of said alleged Vebden independent school district."

Then follow certain findings reciting the holding of an election within said independent school district upon the questions of issuance of bonds to erect a schoolhouse, the letting of contracts for the erection thereof, and a finding that, if the defendants are not restrained by an order of this court, they will proceed to erect a schoolhouse and to expend money for which said bonds were sold. As conclusion of law, appellant asked the trial court to hold that the election on May 11, 1914, for the purpose of voting on the organization of the independent school district of Veblen, was illegal and without any authority of law. At the trial it was stipulated that:

"Veblen independent school district and the officers thereof proceeded in all things according to law in the matter of submitting to the electors and voters of said district and voting upon the issuance of bonds of said district in controversy herein, and in doing all other acts relative to the sale thereof and entered into a contract for the sale thereof and for the erection of the schoolhouse for said district, and *in doing all other things complained of by the plaintiff's herein, save and except only as the same may be affected by the fact that a large portion of the territory described in the petition for the incorporation in said district* was and is outside of the corporate limits of the city of Veblen (italics are ours) ; the plaintiffs contending that for such reason the incorporation of said district was and at all times has been illegal and void, and that, in consequence thereof, the said bonds so issued or about to be issued by said district, and contracts for the sale thereof and for the erection and furnishings of said schoolhouse, are also void."

Section 174, art. 11, c. 135, Laws 1907, as amended by chapter 214, Laws 1909, is as follows:

" * * * That any city or town, or any unincorporated town or village, having a population of one hundred inhabitants or over, within a radius of one mile from the center, may adopt the provisions of this act. In such cases the county superintendent shall, upon petition of a majority of the legal voters within the proposed district, call the first election therefor by posting notices in not less than three of the most public places in the district or districts in which said city or town is situated, said notices shall contain a full description of the boundaries of the proposed district, and also the time and place of holding the election. If a majority of the voters of the district or districts in which the said city or town is situated, shall vote for the incorporation of the said city or town as a corporation for school purposes, then it shall be considered as authorized and the county superintendent shall, without delay, publish notices for an election of officers of said corporation."

This section in substance provides that any city, town, or any unincorporated town or village, having a population of 100 inhabitants or over, within one mile from its center, may become incorporated as an independent school district, upon a petition of a majority of the legal voters who reside within the district proposed to be so incorporated. And if a majority of the voters (of the district or districts within which such city, town, unincorporated town, or village is situated), residing within the limits of the new district thus proposed, shall vote for such incorporation, such territory becomes duly incorporated as a new independent school district.

[1, 2] It must be conceded that this statute contains clauses which are apparently conflicting and render its construction difficult. It is the duty of this court, however, to interpret such statute to give effect, so far as possible, to the legislative intent, if ascertainable. This section is the only one found in the act prescribing the mode of creating new independent school districts. Under it, the town having the requisite population adopts the provisions of the act and proposes the proceedings to incorporate an independent school district. The proceeding is begun by a petition signed by a majority of the voters within the proposed new independent district. There is no limitation, in section 174, upon the size of the proposed district. The petition, being the

basis of the proceeding, must indicate the boundaries of the proposed district, because, without indicated boundaries, it could not be determined whether the petition was signed by the required majority of voters, nor could a "full description of the boundaries of the proposed district" be given in the notices of election required by the section. Notices must be published in the district or districts in which said city or town is located, and the election is determined by a majority of the votes of the district or districts. If the proposed independent district is to be carved out of an existing school district in which the city or town is situated, which is larger in area than the city or town, a majority of the voters in the entire school district is required. If the proposed independent district is to be carved out of territory already embraced in two or more school districts, in one of which the city or town is situated, a majority of the voters in such districts is required. To make these requirements effectual, the boundaries of the "city, town, unincorporated town or village" must be ignored, as the section deals with territory already within existing school districts; the only limitation being that the city or town adopting the act must contain 100 population or over, and must be within the proposed independent district.

The notices of election must contain "a full description of the boundaries of the proposed district." This requirement plainly implies that the boundaries of the new district do not necessarily coincide with the boundaries of the city or town. If the city or town, itself, comprised the new district, such a description of its boundaries would appear to be superfluous. We are therefore of opinion that appellants' contention that this statute does not contemplate the inclusion within a newly formed independent district of any territory outside the city, town, or unincorporated town or village, cannot be sustained. If the statute named only incorporated cities, towns, or villages, the suggestion would perhaps seem more plausible. In order to give this section any intelligent meaning, we must construe the words, "shall vote for the incorporation of the said city or town as a corporation for school purposes," to mean the city or town when that only embraces the area of the proposed district, and also the city or town plus the adjacent area when such city or town and the adjacent area are attempted to be organized as a district. Plainly,

this statute contemplates the formation of new independent districts out of the territory comprised within one or more pre-existing school districts, whether within or without the boundaries of such city, town, or village.    Section 175, which creates a committee of arbitration for the adjustment of property interests "between the new corporation and the district or districts affected by its formation," makes this entirely clear.    But when an existing independent school district seeks to take in adjacent territory, the conditions prescribed by Section 176 become operative.    That section has no application in this case.    The trial court found, and it is undisputed, that, for several years prior to these proceedings, there had existed a school district embracing the entire township of Veblen, covering 48 sections of land known as Veblen township school district, and it was out of this territory, including the city of Veblen, that the new independent district was formed.

It is perfectly clear therefore that the proceedings for the formation of the Veblen independent school district were had under the provisions of section 174.    The question of jurisdiction sought to be raised by appellant is not controlling, and irregularities in the proceedings, if any existed, were cured by chapter 8, Laws 1915, quoted in our former opinion.

For this reason, it becomes unnecessary to determine the constitutionality of the curative act as applied to a proceeding where an existing independent school district may have sought to annex adjacent territory without complying with the requirements of section 176, art. 11, c. 135, Laws 1907, and we now reserve that question for future consideration when it may arise.

The judgment of the trial court is affirmed.