Harold R. HOLIDA and Mary E. Holida, Plaintiffs and Appellees,

v.

CHICAGO AND NORTHWESTERN TRANSPORTATION COMPANY, and Donald Merrill, Defendants and Appellants.

No. 15221.

Supreme Court of South Dakota.

Considered on Briefs May 21, 1986.

Decided Dec. 30, 1986.

Leroy E. Wegener, Salem, for plaintiffs and appellees.

Michael E. Unke, Salem, for defendants and appellants.

MORGAN, Justice.

Defendant, Donald Merrill (Merrill), appeals from a judgment of the trial court voiding a land sale agreement wherein Merrill purchased property in Canistota, South Dakota, from the Chicago and Northwestern Transportation Company (Company). We affirm.

In June of 1985, Company quitclaimed to Merrill approximately four and one-half acres of its property in Canistota. This property is bounded on the northeast by Warehouse Street.[1] Plaintiffs, Harold and Mary Holida (Holidas), own property bounded on the southwest by Warehouse Street, thus the two properties are situated across Warehouse Street from one another. Holidas claim they are abutting landowners and instituted this lawsuit to void the sale by Company to Merrill because Holidas had not been notified according to the provisions of SDCL 49–16A–43.[2]

---

1. The record indicates that Warehouse Street is platted but has never been improved as a street.

2. SDCL 49–16A–43 provides:
   Prior to any lease or sale, except to the South Dakota railroad authority, the lessee of any railroad property affected by the lease or sale and the owner of any property abutting such railroad property shall be served with written notice by certified mail and shall have twenty days from notice to make a counter offer.

Following hearing, the trial court found that under SDCL 43–16–3 [3] Holidas' property abutted the property sold by Company and that Holidas were not given written notice pursuant to SDCL 49–16A–43. The trial court voided the sale and ruled that Company must comply with the provisions of SDCL 49–16A–43 and provide written notice to Holidas prior to sale of the property.

On appeal, Merrill argues that the parties need not comply with the dictates of SDCL 49–16A–43 since Holidas are not "abutting property owners" within the meaning of the statute. He asserts two grounds in support of his proposition. First, he points to the courses and distance description found in the Holidas' deed. The description sets one boundary "along the east line of Warehouse Street" found in the Holidas' deed. This, Merrill argues, creates an exception under the statute. Secondly, he urges that since Warehouse Street is platted between the properties, the properties are not abutting because of the provisions of SDCL 11–3–12, which vest fee title to platted roads in the city. We disagree with both contentions.

■ The first argument, the limitation of the courses and distances description, is governed by settled South Dakota authority. In *Sweatman v. Bathrick*, 17 S.D. 138, 95 N.W. 422 (1903), this court adopted the rule that "conveyances of property fronting on a street or highway shall be presumed to carry the title to the center of the street or highway, unless the fee in the street is *expressly reserved* in the conveyance...." *Id.* at 157, 95 N.W. at 427. (Emphasis added.) Clearly, the fee in the street was not reserved in the deed to Holidas. The argument therefore fails.

Merrill's second argument presents a more complex problem. The trial court relied on SDCL 43–16–3 and upon our decision in *Aberdeen Cable TV Service, Inc. v. City of Aberdeen*, 85 S.D. 57, 176 N.W.2d 738 (1970). That decision resolved the question whether a cable TV company was a public utility within the purview of the statutes requiring an election on the grant of a franchise to erect and maintain a cable TV system on the streets and alleys of the city. We therein stated that "an abutting property owner in a municipality holds *fee title* to the center of the street, *SDCL 43–16–3*, subject and subordinate to an easement or servitude in favor of the public." *Id.* at 61, 176 N.W.2d at 740. (Emphasis added.) But, as Merrill points out, SDCL 11–3–12 states, in pertinent part:

> "[E]very ... grant to the public ... marked or noted as such on [a] plat ... shall be deemed a sufficient conveyance to vest the *fee simple title* of all such parcel or parcels of land as are therein expressed, and shall be considered to all intents and purposes a general warranty against the donor, his heirs, and representatives, to the donee or grantee, his heirs or representatives, for the uses and purposes therein expressed and intended, and no other use and purpose whatever.

(Emphasis added.)

It is obvious that fee simple title to the streets vested in the city, per statute, is inimical to fee title in the abutting property owners as held in our decision.

Faced with two apparently conflicting statutes, it is our duty to reconcile and give effect, if possible, to all of the provisions under consideration, construing them together to make them harmonious and workable. *Matter of Certain Territorial Elec. Boundaries*, 281 N.W.2d 72, 76 (S.D. 1979); *North Central Investment Co. v. Vander Vorste*, 81 S.D. 340, 345, 135 N.W.2d 23, 27 (1965); *Viland v. Board of Education*, 38 S.D. 440, 444, 161 N.W. 810, 812 (1917).

In an early case, *Lovejoy v. Campbell*, 16 S.D. 231, 92 N.W. 24 (1902), the owner of land abutting a street sued for damages to a tree that he had planted and nurtured on the street as platted. The defendant

---

**3.** SDCL 43–16–3 provides:
An owner of land bounded by a road or street is presumed to own to the center of the way, but the contrary may be shown.

raised the statute, now SDCL 11–3–12, as a defense, claiming that the tree was the property of the city. The decision reversed a trial court judgment for the defendant. It acknowledged the wording of the two statutes and then stated: "It will be assumed that the last preceding statutory provisions are applicable to this case, and that thereunder the admitted dedication vested the fee to the street in the city." *Lovejoy,* 16 S.D. at 239, 92 N.W. at 26. The decision continued:

> The rule generally adopted in other states is that, where the fee to the highway is in the abutting owner, trees growing thereon belong to such owner, except as they may be needed for the purpose of making the way or repairing it, and, if such trees are cut or injured otherwise than is necessary for making or repairing the highway, the owner is entitled to damages. [citation omitted] We see no reason why substantially the same rule should not prevail even when the fee is in the city or town. . . .

*Id.* In *Lovejoy,* we went on to hold that the abutting owner was entitled to damages. We note this case, not because it attempted to reconcile the statutes with any degree of clarity, but because it does indicate that, while the fee title vests in the city, the rights to the center of the street in the abutting property owner are protected against everyone *except* the city.

In *Sweatman, supra,* the dispute arose over the ownership of a strip of land, some twenty-three to thirty feet in width, within the limits of Lee Street, as the lines of said street formerly existed and the lines are subsequently changed. The decision mentioned only the earlier codification of SDCL 43–16–3, and another statute that provided: "A transfer of land bounded by a highway, passes the title to the person whose estate is transferred to the soil of the highway in front to the center thereof unless a different intent appears from the grant." *Sweatman,* 17 S.D. at 151, 95 N.W. at 425. No mention was made of the earlier codification of SDCL 11–3–12. The court cited favorably a Pennsylvania decision, *Cox v. Freedly,* 33 Pa. 124, 75 Am.Dec. 584 (1859),

quoting the following language: " 'The dedication of streets, lanes, and alleys divests the proprieter of his right of soil therein, and purchasers of lots bounded on streets acquire title usque ad filum mediae [sic], unless there be a very express limitation of their grants to the margin of the street.' " *Id.* 17 S.D. at 153, 95 N.W. at 425. Our decision then makes two statements: "[U]nder the provisions of our Code, it is our duty to hold that the title to the fee to the center of the street passes to the grantee." *Id.* at 158, 95 N.W. at 427. We continued, stating that for the avowed purpose of carrying into effect the legislative intent, "conveyances of property fronting on a street or highway shall be presumed to carry the title to the center of the street or highway, unless the fee in the street is expressly reserved in the conveyance. . . ." *Id.* at 159, 95 N.W. at 427. The latter statement does not say "carry the *fee* title to the center," but in light of the preceding statement, it is clearly implied.

It is this same language found in *Aberdeen Cable TV Services, Inc., supra,* that the trial judge relied upon in conjunction with SDCL 43–16–3. It should be noted that the dispute in that case was between the city and a company seeking a franchise to use the streets and alleys for installation and maintenance of a cable TV system. The principal issue was whether the cable TV system was a "public utility" so that an election would be required to approve the franchise. In addition to the statement quoted above to the effect that the abutting property owner holds fee title to the center of the street subject and subordinate to an easement or servitude in favor of the public, we also said:

> "When a street is used for any proper street purpose by permission of the city authorities, such use does not constitute an additional servitude, though such use may not have been known when the streets were dedicated, appropriated, or condemned for street purposes, and the abutting fee owner is not entitled to compensation for any damages he may sustain by reason of such use." . . . But an

unauthorized use of the streets for private purposes is compensable.

*Aberdeen Cable TV Service, Inc.*, 85 S.D. at 61–62, 176 N.W.2d at 740 (quoting *Kirby v. Citizens' Telephone Co.*, 17 S.D. 362, 366, 97 N.W. 3, 4 (1903)) (citations omitted).

We then examine SDCL 11–3–12, which is applicable to uses and purposes other than streets and alleys, and to grants to individuals, religious societies and corporations as well as to cities or other bodies politic. While the statute deems such platting to be a sufficient conveyance to vest fee simple title in the donee or grantee, it is only with respect to the land intended to be used for streets, alleys, ways, commons, or other public uses that a trust is imposed for the uses and purposes expressed or intended. We believe that it is important to note that this provision is found in the Code at the Title designated Planning, Zoning and Housing Programs, under the chapter dealing with Additions and Subdivisions, and amid a number of statutes dealing with platting. On its face, it defines the extent of a grant found in a plat where streets and alleys are designated and imposes a trust on such parcels as are designated streets, alleys and ways. Primarily, it appears to be intended to delineate the respective rights as *between the city and the public*.

SDCL 43–16–3, on the other hand, is found in the title on Property and under the chapter dealing with land boundaries. It appears to be for the purpose of defining the rights as between landowners who are abutting the streets on opposite sides. Further, if and when the street or alley is vacated pursuant to the procedures established under SDCL 9–45–7 to 9–45–13.1, the presumption of ownership in fee to the center of the street ripens into a full fee title.

We now consider the purpose of SDCL 49–16A–43. The statute provides notice to the lessee of railroad property and to the owner of abutting property, of the sale of such property for the purpose of affording them an opportunity to bid on the property. It is obvious that this provision is not intended to benefit a city owning a platted street abutting the property being sold. If the city wants or needs the property, it can acquire it by condemnation. In fact, a city would probably be precluded from engaging in the bidding contemplated by the statute. *See* SDCL 9–27–1.

In our opinion, the thrust of the statute is to protect the interests of landowners abutting at the center of the street, under the purview of SDCL 43–16–3, and we therefore affirm the judgment of the trial court.

All the Justices concur.

FOSHEIM, Retired J., participating.

MILLER, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.