| 52 | 59 |
|----|----|
| 109 | 411 |
| 52 | 59 |
| 107 | 685 |
| 52 | 59 |
| 123 | 79 |

</div>

## GOLDEN v. NEWBRAND ET AL.

1. **Master and Servant:** LIABILITY OF MASTER FOR SERVANT'S ACTS. Defendants were owners of a brewery and employed an armed watchman to guard the property and prevent breaches of the peace. Plaintiff's intestate, being intoxicated and disorderly, was pursued by the watchman, and while retreating was shot and killed: *Held*, that the shooting was not done in the line of the watchman's duty, and that defendants were not liable therefor.

2. ———: EVIDENCE: ADMISSION. The testimony of defendant's superintendent in a former action to which defendants were not parties was not admissible against them, and, not being part of the *res gestæ*, would not constitute an admission by them.

*Appeal from Mahaska Circuit Court.*

THURSDAY, OCTOBER 9.

IT is stated in the petition that the "defendants unlawfully, willfully and maliciously killed David Golden," and this action is brought to recover damages caused by said act. The answer consisted of a general denial. There was a trial before the court. On the conclusion of the plaintiff's evidence the defendants moved the court to exclude all evidence introduced, "because it was incompetent, immaterial and irrelevant, and failed to show any liability on the part of the defendants." The motion was sustained and judgment rendered for the defendants for costs. The plaintiff appeals.

*Williams & McMillen,* for appellant.

*John F. Lacey,* for appellees.

SEEVERS, J.—I.   At the proper time defendants asked the court to make a finding of facts.   As this was not done, it is insisted this constitutes prejudicial error.   If no competent evidence was introduced, no finding of facts could be made. The theory of the court was that no fact had been established by legitimate evidence.   The case stood before the court as if no evidence had been introduced.   If this is correct, then there was no error in failing to make a finding of facts.

II.   Using the language of appellant's counsel, the following facts were established:   " That the defendants, ever since 1876, have been owning and operating a brewery in the city of Oskaloosa, Iowa, under the firm name and style of Blattner & Newbrand, and that Charles Blattner, during all that time, has been and is now their superintendent, managing and running the business, and that one Max Roenspeiss during all that time has been and is now a hand employed in the business there under the control of Charles Blattner, and paid his wages by him out of the firm moneys, and that a part of his business was to guard the brewery, and he slept there at night for that purpose, and that there was a revolver kept there by the firm, and Roenspeiss had access to it and slept with it under his pillow at night; that defendants were engaged in the business of manufacturing and selling beer, and, like all beer saloons, rows were likely to occur, and Roenspeiss was empowered to protect the property and to quell disturbances, and worked there in the business generally.

" In the afternoon of the day David Golden was killed, he and his brother were there drinking beer, and got kicked out of the brewery.   Afterwards, about supper time, they went back to the brewery and drank some more beer, and being a little drunk, mad and crazy, John Golden got into a little fracas with John Mackey, and they skirmished until they got out of the brewery.   In the meantime Max Roenspeiss came

1. MASTER and servant: torts of servant.

out of the office, where the revolver was kept, and approached the east door, and just about that time David Golden, being out of doors on. the east side of the brewery, threw a brick into the brewery, and hit the copper cooler, and Roenspeiss started out at the east door after him, and Dave turned and ran, when Roenspeiss, after going fifteen or twenty feet from the brewery, fired and shot Dave in the back of the head, and he fell forward on his face, about forty or fifty feet from the brewery."

Conceding the evidence was as above. stated, it did not, in our opinion, show that defendants were liable. It was, there-fore, immaterial, and was properly excluded. The theory of appellant is that Roenspeiss was employed to guard and pro-tect the brewery, for which purpose he was furnished with . a pistol, and that he shot the deceased while in the line of his duty. Without determining whether if this was all the defendants would be liable, we think the fact that the de-ceased was retreating from the brewery, at the time the fatal shot was fired, shows conclusively it was not fired for or with the intent of protecting the brewery, or in the line of Roen-speiss' duty. If Roenspeiss had shot with the pistol from the brewery a person peaceably passing along the highway, the defendants clearly would not have been liable, and we think there is no essential difference between the case supposed and the one at bar. To protect the brewery did not require Roenspeiss to shoot and kill a person who was retreating therefrom. The killing was not, therefore, done in the line of the duty Roen-speiss was employed to perform.

III. The plaintiff sought to prove by E. H. Waring what Charles Blattner, defendants' superintendent, had testified to in

2. ———: evi-
dence: ad-
missions. the case of *The State v. Roenspeiss.* The evi-dence was not sought to be introduced for the pur-pose of impeaching Blattner, but as independent evidence tending to establish a liability. Not being parties to the record in the State case the defendants were deprived of the right to cross-examine Blattner; it would, therefore, be clearly improper to permit said evidence to be introduced unless it could be regarded as an admission made by the defendants or

their agent by which they were bound. The admissions of an agent are not binding on the principal unless they constitute a part of the *res gestœ*. *Verry v. B. C. R. & M. R. R.*, 47 Iowa, 549.

The testimony of Blattner, sought to be introduced, was given long after Golden was killed, and it did not constitute a part of that transaction.

AFFIRMED.