## PETER KINNONEN v. GREAT NORTHERN RAILWAY COMPANY.

### (158 N. W. 1058.)

**Railway company — malicious assault — brakeman — peace officer — committed by — railway company — property of — protection of — furtherance of its business.**

　　1. A railway company is not liable, under the provisions of § 10591, Compiled

Note.—That the case of KINNONEN v. GREAT NORTHERN R. Co. expresses and is in accord with the great weight of authority on the question of the liability of an employer for the acts of a special policeman will be found by an examination of the notes in 23 L.R.A.(N.S.) 289; 30 L.R.A.(N.S.) 481; 39 L.R.A.(N.S.) 122; and 43 L.R.A.(N.S.) 1164, on the liability of private person or corporation for acts of special police officer appointed by public authority.

Laws of 1913, for a malicious assault committed by a peace officer and a brakeman who are in its employ, when such assault is not committed for the purpose of protecting the property of the said company or in the furtherance of its business, or while said persons are acting for it.

**Malicious assault — by brakeman — special police officer — train — person assaulted — ejected from — public street — trespasser — stealing ride on train.**

2. A railway company is not liable for a malicious assault upon a person, committed by one of its brakeman and by a special peace officer employed by it, after such person has been ejected from and left its train for stealing a ride therefrom, and who after such ejection, and a mile or so from the place thereof, and while the train is stopping at a station, gets into an altercation with another brakeman, and then runs and is chased away, and later returns towards the train, and then is arrested upon a public street by the peace officer, either on the charge of an assault with a deadly weapon alleged to have been committed during the aforesaid altercation, or for having unlawfully stolen a ride on said train, and who, after such arrest, is assaulted by the brakeman, who is aided by the police officer either by standing by without interfering, or by holding the plaintiff; there being no proof whatever in the record that at the time of such assault either the police officer or the brakeman were acting for the protection of the property of the company, or that the said plaintiff was about to, or intended again to, board the train, or that the said peace officer and brakeman had any idea that he intended so to do.

**Railway property — protecting — guarding — malicious assault — time intervening — between the acts — appreciable — deemed personal assault — employer — not act of.**

3. Where an appreciable interval intervenes between the acts of protection which are exercised by persons in the guarding of the property of their employers and a malicious assault which they afterwards commit, the assault will be deemed to be a personal act of the servant, and not an act of the employer.

Opinion filed June 1, 1916.

Action against employer for assault and battery committed by employee.

Appeal from the District Court of Nelson County, *Chas. M. Cooley,* J. Judgment for plaintiff. Defendant appeals.

Reversed.

*Murphy & Toner,* for appellant.

While the theory of liability entertained by counsel for plaintiff was not disclosed upon the trial, it is inferred that they contend that

§ 10591, Comp. Laws, settles the company's responsibility for the acts. of its employees while performing the duties of peace officers. This law really means nothing of the kind. Comp. Laws 1913, § 10573; Healey v. Lothrop, 171 Mass. 263, 50 N. E. 540, 4 Am. Neg. Rep. 283; Sharp. v. Erie R. Co. 184 N. Y. 100, 76 N. E. 923, 6 Ann. Cas. 250, 19 Am. Neg. Cas. 448; Golden v. Newbrand, 52 Iowa, 59, 35 Am. Rep. 257, 2 N. W. 537; Candiff v. Louisville, N. O. & T. R. Co. 42 La. Ann. 477, 7 So. 601.

If a special deputy sheriff paid by a street railway company were acting *solely in his capacity* as an officer in assaulting a passenger, and not by direction of the conductor in charge of a car, the street railway company is not liable for the act. Foster v. Grand Rapids R. Co. 140 Mich. 689, 104 N. W. 380, 18 Am. Neg. Rep. 479; Holler v. Ross, 68 N. J. L. 324, 59 L.R.A. 943, 96 Am. St. Rep. 546, 53 Atl. 472; Waaler v. Great Northern R. Co. 18 S. D. 420, 70 L.R.A. 731, 112 Am. St. Rep. 794, 100 N. W. 1097, 17 Am. Neg. Rep. 131.

A general manager of a mercantile establishment authorized to collect for his store, assaulted a customer to whom he had gone to make a collection,—held, that the merchant was not liable, the assault being outside the authority conferred on the manager. Matsuda v. Hammond, 77 Wash. 120, 51 L.R.A.(N.S.) 920, 137 Pac. 328; Cooley, Torts, 2d. ed. p. 628; Franklin F. Ins. Co. v. Bradford, 201 Pa. 32, 55 L.R.A. 408, 88 Am. St. Rep. 770, 50 Atl. 286; Bowen v. Illinois C. R. Co. 70 L.R.A. 915, 69 C. C. A. 444, 136 Fed. 311, 18 Am. Neg. Rep. 289.

But if the master's business is done, or is taking care of itself, and the servant commits an assault out of personal spite, the master is not liable. Haehl v. Wabash R. Co. 119 Mo. 325, 24 S. W. 737; Bowen v. Illinois C. R. Co. 70 L.R.A. 915, 69 C. C. A. 444, 136 Fed. 313, 18 Am. Neg. Rep. 289.

Where an officer makes an arrest and fails to protect the prisoner from assault and injury, it cannot be said that any outside third party may be held responsible in damages. The special officer here who made the arrest, and had the prisoner in charge, was not at that time engaged upon any other business,—especially was he not engaged in protecting the railway company's property, or, upon any other enterprise involving his *duties* as an employee of the company. Dickson:

v. Waldron, 135 Ind. 507, 24 L.R.A. 483, 41 Am. St. Rep. 440, 34 N. E. 507, 35 N. E. 1; Jardine v. Cornell, 50 N. J. L. 485, 14 Atl. 590; Hershey v. O'Neill, 36 Fed. 168; Galehouse v. Minneapolis, St. P. & S. Ste. M. R. Co. 22 N. D. 615, 47 L.R.A.(N.S.) 965, 135 N. W. 189; Tolchester Beach Improv. Co. v. Steinmeier, 72 Md. 313, 8 L.R.A. 846, 20 Atl. 189.

If we assume that the special agent was acting for defendant at the time, the only theory upon which the evidence offered was admissible was that it was a statement against interest, and even then, it came too late to be admissible. Our specific objection to this evidence is that it *did not constitute an admission against interest.* 2 Jones, Ev. pp. 490, 491.

"Where there is a question as to whether any act was done by any person, the following facts are deemed to be relevant: Any fact which supplies a motive or which constitutes preparation for it. Equally familiar is the practice of proving as parts of the chain of evidence, the opportunity, preparation, motive, desire, or intention of the party to do the act in question." Jewett v. Banning, 21 N. Y. 27; Bruner v. Wade, 84 Iowa, 698, 51 N. W. 251.

*Frich & Kelly,* for respondent.

The rule is that if, while engaged in executing the employment of his principal, the servant so conducts himself, whether negligently or maliciously so as to injure another, the principal will be liable. Galehouse v. Minneapolis, St. P. & S. Ste. M. R. Co. 22 N. D. 624, 47 L.R.A.(N.S.) 965, 135 N. W. 189; Haehl v. Wabash R. Co. 119 Mo. 325, 24 S. W. 737; Dickson v. Waldron, 135 Ind. 507, 24 L.R.A. 483, 41 Am. St. Rep. 440, 34 N. E. 506, 35 N. E. 1; Holler v. Ross, 68 N. J. L. 324, 59 L.R.A. 943, 96 Am. St. Rep. 546, 53 Atl. 472.

In a case where a depot agent, though present, failed to interfere and protect a patron from an assault by his subordinate, the company was held liable. Dickson v. Waldron, 135 Ind. 507, 24 L.R.A. 483, 41 Am. St. Rep. 440, 34 N. E. 506, 35 N. E. 1; Galehouse v. Minneapolis, St. P. & S. Ste. M. R. Co. 22 N. D. 624, 47 L.R.A.(N.S.) 965, 135 N. W. 189; Deck v. Baltimore & O. R. Co. 100 Md. 168, 108 Am. St. Rep. 399, 59 Atl. 652; Gillon v. Wilson, 3 T. B. Mon. 217.

"Each of such railway or railroad companies or receiver thereof is and shall be held responsible for the acts of all conductors or other

persons employed by it while acting as peace officers under the provisions of this article, to the same extent as for the acts of its general agents or employees." Taylor v. New York & L. B. R. Co. 80 N. J. L. 282, 39 L.R.A.(N.S.) 122, 78 Atl. 169.

It is held that such special officers are primarily agents of the railway company, and that the latter is liable for acts committed by them in excess of the authority conferred by the statute. Sharp v. Erie R. Co. 184 N. Y. 100, 76 N. E. 923, 6 Ann. Cas. 250, 19 Am. Neg. Cas. 448; King v. Illinois C. R. Co. 69 Misc. 245, 10 So. 42; Rand v. Butte Electric R. Co. 40 Mont. 398, 107 Pac. 87; 6 Labatt, Mast. & S. § 2478; Illinois Steel Co. v. Novak, 184 Ill. 501, 56 N. E. 966; Eichengreen v. Louisville & N. R. Co. 96 Tenn. 229, 31 L.R.A. 702, 54 Am. St. Rep. 833, 34 S. W. 219; Duggan v. Baltimore & O. R. Co. 159 Pa. 248, 39 Am. St. Rep. 672, 28 Atl. 182, 186; Union Depot & R. Co. v. Smith, 16 Colo. 361, 27 Pac. 329; Higby v. Pennsylvania R. Co. 209 Pa. 452, 58 Atl. 858; Deck v. Baltimore & O. R. Co. 100 Md. 168, 108 Am. St. Rep. 399, 59 Atl. 652; Southwestern Portland Cement Co. v. Reitzer, — Tex. Civ. App. —, 135 S. W. 237; Brewster v. Interborough Rapid Transit Co. 68 Misc. 348, 123 N. Y. Supp. 992; Parke v. Fellman, 145 App. Div. 836, 130 N. Y. Supp. 361; Hedge v. St. Louis & S. F. R. Co. 164 Mo. App. 291, 145 S. W. 115.

The difference between the statute of this state, and the statutes of the states from which counsel cite authorities as sustaining their contention, has apparently been lost sight of, and accounts for their misinterpretation of the law applicable. Healey v. Lothrop, 178 Mass. 151, 86 Am. St. Rep. 471, 59 N. E. 653; Horgan v. Boston Elev. R. Co. 208 Mass. 287, 94 N. E. 386; Hirst v. Fitchburg & L. Street R. Co. 196 Mass. 353, 82 N. E. 10; Krulevitz v. Eastern R. Co. 143 Mass. 228, 9 N. E. 613; Jardine v. Cornell, 50 N. J. L. 485, 14 Atl. 590, and cases cited.

That such an employee may be properly regarded as one whose ordinary duties include the protection of the cars against the intrusion of trespassers would seem to constitute a satisfactory basis for such presumption. Dixon v. Northern P. R. Co. 2 Ann. Cas. 620, and note, 37 Wash. 310, 68 L.R.A. 895, 107 Am. St. Rep. 810, 79 Pac. 943; Texas & P. R. Co. v. Mother, 5 Tex. Civ. App. 87, 24 S. W. 79; Smith v. Louisville & N. R. Co. 95 Ky. 11, 22 L.R.A. 72, 23 S. W.

652; Southern P. R. Co. v. James, 118 Ga. 340, 63 L.R.A. 257, 45 S. E. 303, 15 Am. Neg. Rep. 269; Hayes v. Southern R. Co. 141 N. C. 195, 53 S. E. 847; O'Banion v. Missouri P. R. Co. 65 Kan. 352, 69 Pac. 353; Philadelphia, B. & W. R. Co. v. Green, 110 Md. 32, 71 Atl. 986; Tyson v. Joseph H. Bauland Co. 186 N. Y. 397, 9 L.R.A. (N.S.) 267, 79 N. E. 3; 26 Cyc. 1576, note 18, and cases cited.

The "errors of law on the trial," discussed by counsel, were not referred to during the argument upon the motion for a new trial, and are not properly before this court for decision. Northern Shoe Co. v. Cecka, 22 N. D. 631, 135 N. W. 177; Galehouse v. Minneapolis, St. P. & S. Ste. M. R. Co. 22 N. D. 624, 47 L.R.A.(N.S.) 965, 135 N. W. 189; Dixon v. Northern P. R. Co. 37 Wash. 310, 68 L.R.A. 895, 107 Am. St. Rep. 810, 79 Pac. 943, 2 Ann. Cas. 620; Puls v. Grand Lodge, A. O. U. W. 13 N. D. 559, 102 N. W. 165, and cases cited; 5 Thomp. Corp. § 6299, and cases cited.

It is established that plaintiff's injuries are severe and permanent, and, considering his youth, the verdict is not excessive. Rand v. Butte Electric R. Co. 40 Mont. 398, 107 Pac. 87; Dowd v. McGinnity, 30 N. D. 308, 152 N. W. 524; Carpenter v. Dickey, 26 N. D. 184, 143 N. W. 964.


Statement of facts by Bruce, J.:

This is an action to recover damages for an assault committed by a brakeman and special peace officer who were employed by the defendant railway company, and the duty of both of whom, as far as the defendant was concerned, involved the protection of the property of the company and the keeping of trespassers therefrom.

The complaint alleges:

That under the authority conferred by article 8 of chapter 6, § 9750 of the Code of Criminal Procedure of this state, the defendant Great Northern Railway Company, on or about January 1, 1914, appointed the defendant N. P. Nissen as a peace officer, and authorized him to act as such in the protection of its property and in the preservation of order upon its premises and in or about its depots, grounds, yards, buildings, and other structures within this state, and that by virtue of such employment the defendant N. P. Nissen became, and at the date

34 N. D.—36.

hereinafter mentioned was, the general agent of the defendant Great
Northern Railway Company, for whose acts the said last-named de-
fendant thereby became chargeable.

That upon the date hereinafter mentioned the defendant B. Blanch-
ard, was an agent, to wit, a brakeman in the employ of the defendant
Great Northern Railway Company.

That heretofore, to wit, on the 25th day of July, A. D. 1914, the
defendant N. P. Nissen, acting in his capacity as a peace officer as
aforesaid, and exercising the powers conferred upon him by the de-
fendant Great Northern Railway Company, and professing thereby to
be endeavoring to protect the property and employees of the defendant
Great Northern Railway Company from improper use and annoyance
by the plaintiff, arrested the plaintiff without a warrant at the village
of Petersburg, in the county of Nelson, state of North Dakota, and
took said plaintiff into his custody and into the custody of the defend-
ant Great Northern Railroad Company as a prisoner.

That on the date last aforesaid, and while the plaintiff was so as
aforesaid a prisoner in the custody of the defendants Great Northern
Railway Company and N. P. Nissen, the said Nissen and the defend-
ant B. Blanchard committed an extremely brutal assault upon the
person of the plaintiff, and cruelly beat and wounded the plaintiff;
that in the course of such assault and while the plaintiff was restrained
by the defendant Nissen, the defendant Blanchard repeatedly struck
the plaintiff upon the body, head, and face, and while the plaintiff lay
prostrate upon the ground and unable to defend himself or offer any
resistance thereto, the defendants Nissen and Blanchard repeatedly
kicked the plaintiff upon the side of his body and upon his face and
head; that as a result of said assault, and of the battery inflicted upon
him by the defendants, the plaintiff suffered great and grievous per-
sonal injuries and a partial loss of the senses of sight and hearing,
besides mental suffering and humiliation, all to his damage in the sum
of ten thousand ($10,000) dollars, no part of which has been paid,
though payment thereof has been demanded.

The answer, omitting formal parts, is as follows:

(1) Defendant admits the allegations of paragraph 1 of the com-
plaint. Admits that at the time of the alleged assault upon the plain-
tiff referred to in the complaint the defendant Nissen was an employee

of this defendant, to wit, a watchman or special agent to look after the property of the defendant railway company. This defendant denies that at the time referred to in the complaint, or at any time, it had in its employ B. Blanchard. This defendant also admits that about the time stated in paragraph 4 of the complaint the defendant Nissen took the plaintiff into his custody at or near the village of Petersburg, upon the charge of stealing a ride upon one of the trains of the defendant railway company. This defendant further admits that, after the arrest of the plaintiff as aforesaid, an assault was committed upon the person of said plaintiff by a brakeman in the employ of the railway company, and that said plaintiff sustained slight injuries therefrom, but in this behalf defendant avers that the plaintiff has fully recovered from such injuries. Defendant further alleges that the person committing said assault was acting entirely without the scope of his authority as an employee of the defendant railway company.

(2) Except as hereinbefore admitted or denied this defendant denies each and every allegation, matter, and thing in said complaint contained.

(3) This defendant further alleges that at the time of the assault upon, and injuries to, the plaintiff, said plaintiff was engaged in the performance of an unlawful act, to wit, plaintiff was engaged in stealing a ride upon a train of this defendant contrary to the laws of the state of North Dakota. That immediately prior to the time of said assault the plaintiff had clandestinely, and without paying to the defendant railway company the proper charges therefor, ridden upon a train of the defendant railway company from Grand Forks to the village of Petersburg, and refused to desist from such unlawful conduct when requested so to do by the trainmen in charge of said train. That at the time of the assault referred to in the complaint, the plaintiff proposed and intended to again board said train at the village of Petersburg, and unlawfully ride thereon to the city of Lakota, North Dakota, and so ride without paying the fare required by the laws of said state. That because of the unlawful acts and conduct of the plaintiff aforesaid, and by reason of his own wilful wrong, and contributory negligence aforesaid, said plaintiff sustained the injuries received by him.

Wherefore, this defendant demands judgment that plaintiff's action be dismissed with costs.

BRUCE, J. (after stating the facts as above). The first point to be considered is whether the trial court erred in refusing to direct a verdict for the defendant, and in considering this proposition, we must give full weight to the testimony of the plaintiff. This testimony supports in the main the allegations of the complaint; the only question, indeed, which is in dispute being whether the plaintiff was arrested and the assault was made by the brakeman and participated in by the peace officer Nissen, for the protection of the property of the defendant railway company, and whether such persons were acting within the scope of their authority though maliciously, or whether it was committed outside of the scope of their authority. The law in the case seems to be settled. Section 10591, Compiled Laws of 1913, provides that "each of such railway or railroad companies or receivers thereof is, and shall be held responsible for the acts of all conductors or other persons employed by it while acting as peace officers under the provisions of this article to the same extent as for the acts of its general agents or employees."

It must be clear from the above section that if neither the police officer Nissen nor the brakeman Blanchard were acting for the company or for the protection of the property of the company, the defendant was not liable. The authorities are almost unanimous in holding that when an officer of the kind mentioned is merely performing his duty as a police officer, and is not at the same time furthering the interests of his company, that such company will not be liable for his acts. See notes to 23 L.R.A.(N.S.) 289, and 30 L.R.A.(N.S.) 481; Healey v. Lothrop, 171 Mass. 263, 50 N. E. 540, 4 Am. Neg. Rep. 283; Dickson v. Waldron, 135 Ind. 507, 24 L.R.A. 483, 41 Am. St. Rep. 440, 34 N. E. 506, 35 N. E. 1; Jardine v. Cornell, 50 N. J. L. 485, 14 Atl. 590; Hershey v. O'Neill, 36 Fed. 168.

What is true of the special peace officer is of course true of a brakeman whose duty it is to protect the property of his employer. His employer, in short, is liable for his acts, though malicious, when done in protecting its property, but he is not liable for such acts when they are not done for that purpose. Galehouse v. Minneapolis, St. P. & S. Ste. M. R. Co. 22 N. D. 615, 47 L.R.A.(N.S.) 965, 135 N. W. 189; Cooley, Torts, 2d ed. p. 628; notes to Franklin F. Ins. Co. v. Bradford, 88 Am. St. Rep. 770, 772; 1 Jaggard, Torts, 278.

As far as the police officer is concerned, all that the statute provides is that the railway company shall be liable for his acts to the same extent as if he had been any other agent or employee. That is to say, only for his acts when done within the scope of his authority and while acting for it and in its protection. As far as the evidence is concerned there seems to be no dispute that the assault was committed when the parties concerned were in no way acting for the benefit or protection of the defendant. The plaintiff, it is true, had stolen a ride upon defendant's train. He had, however, been ejected therefrom, when it was a mile or so east of Petersburg. While the train was standing at Petersburg he caught up with it, and got into an altercation with one of the brakemen. Defendant's witness testified that he threatened the brakeman with a knife, but that is immaterial. According to plaintiff himself, the altercation took place, and the brakeman threw stones at him, and the police officer chased him, shooting a revolver over his head. After circling the town, he returned towards the depot, and was then arrested by the peace officer, according to the evidence, on the charge of assault with a deadly weapon, and, according to the answer, on the charge of having stolen a ride. It was then and while being searched by the officer, or immediately after, that he was assaulted by the brakeman, and that the officer either assisted in holding him, or stood idly by and allowed the assault to take place. Though the brakeman may at one time have been engaged in protecting the property of his employer, there can be no pretense that he was so engaged at the time of the assault, and the law is well established that when there is an appreciable interval between the acts of protection and a malicious assault in connection with that protection, that the assault is deemed to be a personal act of the servant. See Spencer v. Kelley, 32 Fed. 838; Roberts v. Southern R. Co. 143 N. C. 176, 8 L.R.A.(N.S.) 798, 55 S. E. 509, 10 Ann. Cas. 375.

There is absolutely no evidence that the plaintiff at the time of the assault or at any time prior thereto was attempting to, or had intended to, again board the train, and though the answer states "that at the time the assault referred to in the complaint, the plaintiff intended to again board said train at the village of Petersburg and unlawfully ride thereon to the city of Lakota," such allegation was merely made for the purpose of laying the foundation for proof of contributory negligence, and there

is no evidence that either the peace officer or the brakeman had any knowledge of such intention, nor does the answer allege or admit that they did, nor as a matter of fact does the plaintiff himself contend that any such intention was entertained by him.

Though, therefore, the assault was a brutal one and absolutely unjustified, and may be the ground for liability on the part of the special agent and the brakeman, it can impose no liability on the defendant company. See, in addition to the cases already cited, Candiff v. Louisville, N. O. & T. R. Co. 42 La. Ann. 477, 7 So. 601; Golden v. Newbrand, 52 Iowa, 59, 35 Am. Rep. 257, 2 N. W. 537.

We are not unmindful of the authorities cited by counsel for respondent to the effect that "if the servant while doing the master's business exceeds his instructions whereby an injury to another results, the master is liable because the law casts upon him the duty of employing fit agents for the transaction of his business." There is, however, no proof that the brakeman and the peace officer were in any manner transacting their master's business at the time of the assault which is before us.

The judgment of the District Court is reversed and a new trial is ordered.

CHRISTIANSON, J. (dissenting). I am unable to concur in the foregoing opinion. It seems to me that, under the evidence and the allegations of defendant's answer, the question whether the special agent, Nissen, was acting for the company or for the protection of its property at the time he arrested plaintiff, was one of fact for the jury.