## Stewart v. Lafoe.

(Decided May 2, 1922.)

### Appeal from Daviess Circuit Court.

1. Master and Servant—Scope of Servant's Employment.—The master is not responsible for the wrongful act or negligence of the servant, unless the act be done or negligence result in execution of the authority, express or implied, given by the master. Beyond the scope of his employment the servant is as much a stranger to his master as any third person; and the act of the servant not done in the execution of the service for which he was engaged, cannot be regarded as the act of the master.

2. Master and Servant—Negligent Operation by Servant of Automobile.—An automobile is not such a dangerous contrivance as to render the owner liable for its negligent use by his chauffeur for purposes exclusively his own; and the mere fact that the chauffeur is unskilled in the operation of the automobile, or that it was kept where he had access to it, will not, in the absence of an allegation and proof to that effect, authorize the inference that he was accustomed to take or use the automobile for purposes of his own with the consent or knowledge of the owner or had ever done so.

R. M. STEWART for appellant.

E. B. ANDERSON and AUD & HIGDON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, A. E Stewart, brought this action in the court below against the appellee, J. W. Lafoe, seek-

ing the recovery of $765.00 damages of the latter for injuries resulting to his automobile from its collision with an automobile owned by the appellee, caused, as alleged, by the negligence of one Dorsey Willingham, a chauffeur in his employ by whom it was at the time being operated. The appellee filed a general demurrer to the petition, which the circuit court sustained. Excepting to this ruling, the appellant filed an amended petition. The appellee then insisted upon his demurrer to the petition, as amended, which was again sustained, and upon the appellant's declining to plead further, the court entered judgment dismissing the action and awarding appellee recovery of his costs against the appellant. From that judgment the latter was granted and is prosecuting this appeal.

While the petition alleges that the collision of the automobiles was caused by the negligence of the chauffeur in running the appellant's car at an unusually rapid and unsafe rate of speed, and that he had previously been employed as a chauffeur by appellee, neither therein nor in the amended petition is it alleged that at the time of the accident the chauffeur was in charge of or operating the car by the authority or with the knowledge of appellee or within the scope of his employment by the latter as chauffeur or otherwise. It is, however, alleged in the petition, and more specifically charged in the amended petition, that at the time of employing Willingham as chauffeur appellee knew that he was an unlicensed chauffeur less than eighteen years of age; that he was small and physically unable to control or operate an automobile, and unskilled and negligent in operating such a machine; that the placing of so dangerous an agency in his hands would endanger the lives of other persons using the highways; and that with knowledge of these facts appellee did unlawfully and negligently employ Willingham as chauffeur and place him in such position as gave him access to the automobile and to the use thereof, which conduct of the appellee, it was further alleged, was the proximate cause of the accident and consequent injury to the appellant's automobile complained of.

It will be observed that the petition, as amended, fails to allege that the appellee authorized or knew of the use of the automobile by the chauffeur at the time of the accident, or that it was his practice or custom to permit its use by the chauffeur, even in his service, without his

authority or when unaccompanied by him. Although the chauffeur, by reason of his want of skill, may have been unequal to the task of operating the automobile without the presence and direction of the appellee, the mere fact that it was kept where he or others could get to it, or that he was an unlicensed chauffeur, would not, in the absence of an allegation to that effect, lead to the inference or presumption that he was accustomed to run it with the knowledge or consent of the appellee, or had ever done so. The master is not responsible for the wrongful act or negligence of the servant, unless the act be done or negligence result in execution of the authority, express or implied, given by the master. Beyond the scope of his employment the servant is as much a stranger to his master as any third person; and the act of the servant, not done in the execution of the service for which he was engaged, cannot be regarded as the act of the master. C., N. O. & T. P. Ry. Co. v. Rue, 142 Ky. 694, and cases therein cited.

In Tyler v. Stephens, Admr., 163 Ky. 770, and other cases, we held that an automobile is not such a dangerous contrivance as to render the owner liable for its mere use by the chauffeur for purposes exclusively his own. In that case a chauffeur under general instructions from the owner to return his automobile to a garage and later return to an entertainment and take him home, instead of doing so took the machine, without the knowledge or consent of the owner, on a journey exclusively his own and having no connection with the owner's business. Upon these facts we held the owner was not liable for an injury caused another by the chauffeur's negligence on the journey. The same conclusion was expressed in Eakins, Admr. v. Anderson, 169 Ky. 1, a case involving similar facts.

Without further elaboration of the law, it is sufficient to say that the petition as amended fails to state a cause of action for the recovery of damages. Hence, the court correctly ruled in sustaining the demurrer of the appellee to same.

Judgment affirmed.