ANNA TRAYNOR, Administratrix, Appellee, v. KEEFE CONSTRUC-
TION COMPANY, Appellant, et al., Appellee.

**MASTER AND SERVANT:** Unauthorized Act of Employee. A con-
tractor who does not know that one of his employees had con-
structed a scaffold for another independent contractor, and did not,
expressly or impliedly, authorize such construction, is not liable in
damages to an employee of such independent contractor's for in-
jury resulting from the defective construction of such scaffold.

Headnote 1:  26 Cyc. p. 1523.

*Appeal from Woodbury District Court.*—MILES W. NEWBY,
Judge.

FEBRUARY 17, 1925.

ACTION for damages for the death of Francis Traynor,
claimed to have been brought about by the negligence of the
defendant Keefe Construction Company. Verdict for the plain-
tiff. From an adverse ruling on a motion for new trial, defend-
ant construction company appeals.—*Reversed.*

*Kass Bros.,* for appellant.

*Milchrist & Pitkin,* for appellee Casualty Company.

*George G. Yeaman,* for appellee Traynor, Administratrix.

ALBERT, J.—The defendant the Keefe Construction Com-
pany, an Iowa corporation, with principal place of business at
Sioux City, Iowa, in 1919 entered into a written contract with
the St. Joseph's Roman Catholic Church of Elk Point, South
Dakota, to construct a building for the church. This general
contract with the Keefe Construction Company did not cover

the electric wiring in said building; but a separate contract was entered into between the church and the Castle Electric Company, a corporation of Sioux City, for doing that work. There was no provision in the construction company's contract, nor in the plans and specifications, requiring the construction company to provide scaffolding or other appliances for any other contractor; but each contractor is required by the specifications to provide his own tools, equipment, appliances, and material necessary for the execution of the work.

The construction company proceeded with the erection of the building; and after the same was plastered, the electric company proceeded to carry out their contract. The construction company, for its own use, had erected a scaffolding inside the building; and when the electric company came on the job, it used the scaffolding of the construction company. It made out a written order to one Action, who was in the employ of the construction company, directing that some additions be made to the scaffolding then existing. Action added some brackets to the existing scaffolding, which supported planks for the employees of the electric company to stand upon in doing their work.

One E. T. Quinn, of the electric company, and the deceased herein, Francis Traynor, who was one of the employees of the electric company, proceeded to use said scaffolding. One of the brackets supporting the plank above referred to, added by Action under order of the electric company, on which Quinn and Traynor were working, gave way, and Traynor fell to the floor, receiving an injury from which he shortly afterwards died.

The Keefe Construction Company is, as stated, a corporation. John J. Keefe is president and general manager, and as such had charge of and exercised supervision over the construction of said church. Action was employed as a laborer, to work with his tools on the said church. He seems, from the record, to have had no more authority than any other laborer on the job, except to carry out the directions and orders given him by Keefe. Keefe laid out the work, gave his directions and orders to Action, and Action and the other men carried out the orders received from Keefe. Action had no authority to direct or supervise the work; neither is he shown to have the right to employ or discharge help on the job; and, while he is referred to

in the evidence as a "straw boss," he seems to have had no more authority or right in controlling and directing the work than any other employee.

The addition to the scaffolding placed thereon by Action and his co-employees was unknown to the Keefe Construction Company until after this accident occurred. The Keefe Construction Company was not paid by the electric company for such work. The jury having found that the brackets were improperly and negligently constructed, for the purpose of this case that finding is binding upon us. It is sought by the plaintiff to hold the Keefe Construction Company liable herein on the doctrine of *respondeat superior*. In other words, it is contended that the Keefe Construction Company, through its employees, made and constructed these additional brackets on the scaffolding, and that, having done so in a negligent manner, they ought to be held responsible for that negligence.

The doctrine of *respondeat superior* is too well settled in the law to need citation of authority; and the question for determination here is whether or not facts in this case warrant the application of this doctrine.

It is settled law that a master is liable for the negligence and torts of his servant, committed by the servant while acting in the usual course of his employment. It is equally well settled that, when the servant steps aside from his usual course of employment, and does something outside of the scope of his employment, the master is not liable for the harm done by the employee under such circumstances. *Golden v. Newbrand*, 52 Iowa 59, and similar cases.

Narrowed down to the real question involved here, Action was an employee and workman for the Keefe Construction Company on said building under their independent contract. The electric company, which was also an independent contractor, in carrying out the work which it was employed to do, needed scaffolding. They took possession of the scaffolding erected by the Keefe Construction Company; and, so far as the record is concerned, there is no showing that they ever had the permission of the Keefe Construction Company to use said scaffolding. They gave written directions to Action to make additions to the scaffolding, which he did. The question, therefore, is whether

or not Action, in putting these additions on the scaffolding, was the employee of the Keefe Construction Company or of the electric company.

In the case of *Ash v. Century Lbr. Co.*, 153 Iowa 523, we said:

"It is well settled that a servant may be employed generally for one person, and at the same time in a particular capacity for another. This occurs whenever the general employer engages his employee to work for a third person; and whether the employee is the servant of the one or the other in the doing of any particular act depends on which has the right to direct or control him in its performance."

Later in the same case, we said:

"Of course, the master's responsibility is not to be extended beyond his work. If the servant, in what he does, is acting for himself or another, the master is not answerable for his negligence therein."

Where the evidence is in dispute on such a matter, it is a question for the jury; but under the record as made in this case, we are of the opinion that there was no question for the jury on this proposition. Upon application of the rules heretofore stated, it seems unquestionable that the work of Action in constructing the additions to the scaffolding was the work of the electric company, and not of the construction company. The electric company assumed to and did direct him as to the construction work, and the construction company did not even know that it was being done. Under this situation of facts, it cannot be doubted but that in what he did, Action was working as the employee of the electric company, and not of the construction company. This being true, the plaintiff herein had no cause of action against the construction company.—*Reversed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.